## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JOSE MAXIMILIANO ACEVEDO     *
2212 Lewisdale Drive     *
Hyattsville, Maryland 20783     *
    *
And     *
    *
OSCAR CIFUENTES BARRIENTOS     *
2212 Lewisdale Drive     *
Hyattsville, Maryland 20783     *
    *
And     *
    *
JOSUE CIFUENTES BARRIENTOS     *
2212 Lewisdale Drive     *
Hyattsville, Maryland 20783     *
    *
      ***On Behalf of Themselves and***     *
      ***All Others Similarly Situated***     *
    *
    PLAINTIFFS,     *
    *
      v.     *   Case No:
    *
PHOENIX PRESERVATION GROUP, INC.     *
13009 Autumn Drive     *
Silver Spring, Maryland 20904     *
    *
    Beverley Foster-Okoro     *
    13009 Autumn Drive     *
    Silver Spring, Maryland 20904     *
    *
And     *
    *
BEVERLEY FOSTER-OKORO     *
13009 Autumn Drive     *
Silver Spring, Maryland 20904     *
    *
And     *
    *
LAMBERT OKORO     *
13009 Autumn Drive     *
Silver Spring, Maryland 20904     *
    *

DEFENDANTS                                          *
*************************************************************************

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Jose Maximiliano Acevedo, Oscar Cifuentes Barrientos, and Josue Cifuentes

Barrientos (collectively, "Plaintiffs"), by and through undersigned counsel, on behalf of

themselves and all others similarly situated, hereby submit their Collective Action Complaint

against Phoenix Preservation Group, Inc. ("PPG"), Beverley Foster-Okoro, and Lambert Okoro

(collectively, "Defendants"), to recover unpaid wages, liquidated damages, reasonable attorney's

fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended,

29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"), for unpaid wages, interest, reasonable attorney's

fees, and costs under the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and

Employment Article §§ 3-401 *et seq.* (hereinafter "MWHL"), and to recover damages under the

Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and

Employment Article §§ 3-501 *et seq.*

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of the State of Maryland and by acting as named

plaintiffs in this action do hereby affirm their consent to participate as plaintiffs in a Collective

Action under the FLSA.

2.      PPG is a corporation formed under the laws of the State of Maryland with its

principal office in Montgomery County, Maryland.

3.      At all times during Plaintiffs' employment, Beverley Foster-Okoro has held a

substantial ownership and/or financial interest in PPG.  At all times relevant, Beverley Foster-

Okoro was one of Plaintiffs' top managers and supervisors.  At all times relevant, Beverley

Foster-Okoro was one of the individuals in charge of the day-to-day operations of PPG.  At all

2

times relevant, Beverley Foster-Okoro participated substantially in setting and determining Plaintiffs' schedule and setting and determining Plaintiffs' rate and method of pay.

4.      At all times during Plaintiffs' employment, Lambert Okoro has held a substantial ownership and/or financial interest in PPG. At all times relevant, Lambert Okoro was one of Plaintiffs' top managers and supervisors. At all times relevant, Lambert Okoro was one of the individuals in charge of the day-to-day operations of PPG. At all times relevant, Lambert Okoro participated substantially in setting and determining Plaintiffs' schedule and setting and determining Plaintiffs' rate and method of pay.

5.      At all times relevant to this action, Defendants were each, and collectively, enterprises engaged in interstate commerce within the meaning of the FLSA.

6.      Defendants were each, and collectively, Plaintiffs' "joint employer," "employer," or "integrated enterprise employer" within the meaning of the FLSA, MWHL, and MWPCL.

7.      Defendants each, and collectively, acted substantially to recruit and hire Plaintiffs, and others similarly situated, to fulfill PPG's work obligations in Maryland, Washington, D.C., Virginia, and Delaware.

8.      During the period of Plaintiffs' employment, Defendants provided Plaintiffs, and others similarly situated, with all necessary tools and equipment required to perform work duties for Defendants.

9.      Throughout the course of Plaintiffs' employment, each Defendant, acting as an employer or joint employer, controlled and supervised the work performed by Plaintiffs and all others similarly situated.

10.      Throughout the course of Plaintiffs' employment, each Defendant, either individually or through an agent, supervised Plaintiffs' work on a daily or near-daily basis.

3

11.     On multiple occasions throughout the course of Plaintiffs' employment, each Defendant spoke directly with Plaintiffs or through other bilingual employees.

12.     At all times throughout the course of Plaintiffs' employment, each of the Defendants had the authority to control the work of Plaintiffs and others similarly situated, and each of the Defendants had the power and authority to change the course of Plaintiffs' work duties.

13.     At all times throughout the course of Plaintiffs' employment, Plaintiffs recognized each Defendant's authority and obeyed each Defendant's instructions.

14.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."   Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.  Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

15.     Plaintiffs are current employees of Defendants whose job duties primarily consist of remodeling and related construction work duties on residential properties owned by Defendants in Maryland, the District of Columbia, Virginia, and Delaware.

16.     The approximate dates of employment for the named Plaintiffs are as follows:

Jose Maximiliano Acevedo:   June 2010 – Present;

Oscar Cifuentes Barrientos:   April 2009 - Present;

Josue Cifuentes Barrientos:   October 2009 – Present.

17.     During the period of Plaintiffs' employment, Defendants paid Plaintiffs and other similarly situated individuals as hourly employees.

18.     For many hours Plaintiffs worked each week; including overtime hours worked in excess of forty (40), Defendants paid Plaintiffs at their regular hourly rate ranging from $9.00 per hour to $13.00 per hour.

19.     For about five (5) to ten (10) hours each week; Defendants paid Plaintiffs no wages.

20.     While in Defendants' employ, Plaintiffs and other similarly situated individuals regularly and customarily worked about fifty –five (55) or many more hours per week.

21.     At all times during Plaintiffs' employment, Defendants had knowledge that Plaintiffs and other similarly situated individuals regularly and customarily worked about fifty-five (55) or many more hours per week and suffered or permitted Plaintiffs and other similarly situated individuals to work about fifty-five (55) or many more hours per week.

22.     At no time during Plaintiffs' employment did Defendants pay Plaintiffs and other similarly situated individuals as required by Maryland and Federal law.

23.     For an extensive period of Plaintiffs' employment, Defendants willfully and systematically engaged in "wage theft" or "payroll fraud" whereby Defendants erased about five (5) to ten (10) of the hours of the compensable time that Plaintiffs and other employees worked each week.

24.     Defendants knowingly and willfully engaged in "wage theft" in that Plaintiffs' pay checks reflect compensation for about five (5) to 10 (10) less hours of weekly compared to what is denoted and recorded on Plaintiffs' time records.

25.     Further, Defendants commonly required Plaintiffs to perform pre-liminary and post-liminary work duties for which Defendants instructed Plaintiffs and others not to record on Plaintiffs and others' time records and for which Defendants paid Plaintiffs and other similarly

situated individuals no wages.

26.     The consequence of Defendants' common "wage theft" or "payroll fraud" scheme was that Defendants failed and refused to compensate Plaintiffs and other similarly situated employees for about five (5) to ten (10) or more hours per week.

27.     Very commonly, the hours Defendants deducted from the compensation of Plaintiffs and other similarly situated individuals were hours in excess of forty (40) per week that, if compensated, should have been paid to Plaintiffs and other similarly situated individuals at the FLSA required overtime rate.

28.     At no time did Plaintiffs perform work that meets the definition of exempt work under the MWHL or FLSA.

## COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals who performed house remodeling and related construction work duties.

30.     In the present case, the questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

31.     The essence of this entire case is that Defendants engaged in common and systematic violations of the FLSA overtime requirement.

32.     Defendants failed to pay overtime to Plaintiffs and other similarly situated individuals at the required legal rate of one-and-one-half times their regular rate of pay for all overtime hours worked each week in excess of forty (40).

33.     Common to the claims of Plaintiffs and all class members is that each individual received compensation from Defendants at a rate less than the required FLSA overtime rate.

34.     Specifically, Plaintiffs and each class member are seeking the difference between the wages Defendants paid them each week and the hours and wages Defendants should have paid Plaintiffs and each class member had Defendants compensated Plaintiffs and each class member as required by the FLSA for all work duties performed primarily for Defendants' benefit.

35.     In the present case, the number of class members is believed to exceed at least twenty-five (25) current and former employees.

36.     All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

37.     The members of the class have not yet joined or otherwise "opted in" to this action because they are not yet aware of their rights to overtime wages under the FLSA or are otherwise afraid of potential retaliation or loss of employment if they assert their FLSA overtime rights.

## CAUSES OF ACTION

### COUNT I
### (Violation of Federal Fair Labor Standards Act - Overtime)

38.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-37 above, as if each were set forth herein.

39.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

40.     Plaintiffs, and all others similarly situated, were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and all three Defendants were their "employers" under FLSA, 29 U.S.C. § 207(a)(2).

41.     Defendants, as Plaintiffs', and all others similarly situated, employers, were obligated to compensate the Plaintiffs, and all other similarly situated individuals, at the overtime rate of one-and-one-half (1½) times their regular rate for all hours worked per week in excess of forty (40).

42.     As set forth above, while in Defendants' employ, Plaintiffs, and all others similarly situated, worked many overtime hours.

43.     As set forth above, while in Defendants' employ, Defendants failed and refused to compensate Plaintiffs, and all others similarly situated, at the FLSA required overtime rate equal to one-and-one-half (1½) times their regularly hourly rate for overtime hours worked each week.

44.     Defendants' failure and refusal to pay Plaintiffs, and others similarly situated, as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs, and all other similarly situated individuals, under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### (Violation of Maryland Wage and Hour Law)

45.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-44 above, as if each were set forth herein.

46.     Plaintiffs were "employees" and all three Defendants were Plaintiffs' "employers" within the meaning of MWHL.

47.     As Plaintiffs' "employers," all three Defendants were obligated to pay Plaintiffs at the rate of one-and-one-half (1½) times Plaintiffs' regular rate of pay for hours worked each week in excess of forty (40) as required by the MWHL.

48.     While in Defendants' employ, Plaintiffs worked many overtime hours but were not properly compensated by Defendants for those overtime hours worked.

49.     Overtime pay is due and owing to Plaintiffs under the MWHL.

50.     Defendants' failure to pay Plaintiffs for overtime hours worked as required by the MWHL was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count II for unpaid overtime wages in such amounts as are proven at trial, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### (Violation of the Maryland Wage Payment and Wage Collection Law)

51.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-50 above, as if each were set forth herein.

52.     Plaintiffs were "employees," and all three Defendants were Plaintiffs' "employers" within the meaning of the MWPCL.

53.     Under MWPCL, all three of the Defendants, as Plaintiffs' employers, were obligated to pay Plaintiffs all wages due for work that Plaintiffs performed.

54.     Without legal excuse or justification, Defendants withheld and refused to pay wages as described above.

55.     Some portion of the hours Plaintiffs worked for which they were not paid wages were non-overtime hours that, if counted and compensated, would not constitute compensation for hours worked in excess of forty (40) per week.

56.     Some portion of the hours Plaintiffs worked for which they were not paid wages were for overtime hours that, if counted and compensated, would have constituted compensation for overtime hours worked in excess of forty (40) per week.

57.     Defendants withheld and refused to pay all wages due and owing to Plaintiffs without Plaintiffs' permission and without any other justification recognized or otherwise allowed by the MWPCL.

58.     Defendants' unlawful and unauthorized withholding of Plaintiffs' wages constitutes a failure by Defendants to pay Plaintiffs all wages due on time and as required for work performed as mandated by the MWPCL.

59.     Defendants' failure to pay Plaintiffs all wages due for work performed was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and the Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count III, for all unpaid wages in such amounts to be proven at trial, plus three (3x) times the amount of unpaid and/or improperly deducted wages as additional damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. 17291
The Zipin Law Firm, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:    301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiffs*