**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **JOSE MAXIMILIANO ACEVEDO,** ) | |
| ) | |
| **OSCAR CIFUENTES BARRIENTOS,** ) | |
| and ) | |
| ) | |
| **JOSUE CIFUENTES BARRIENTOS** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No.  8:13-cv-3726 - PJM** |
| **v.** ) | |
| ) | |
| **PHOENIX PRESERVATION GROUP, INC.,** ) | |
| ) | |
| **BEVERLEY FOSTER-OKORO.** ) | |
| and ) | |
| ) | |
| **LAMBERT OKORO** ) | |
| ) | |
| **Defendants** ) | |
| _____ ) | |

## ANSWER

COMES NOW, Defendants Phoenix Preservation Group, Inc. ("PPG"), Beverley Foster-Okoro and Lambert Okoro, by and through their undersigned attorney, Andrew S. Cabana of the Law Office of Andrew Cabana, PC, and Answer the numbered allegations in the Complaint filed by Plaintiffs Jose Maximiliano Acevedo, Oscar Cifuentes Barrientos, and Josue Cifuentes Barrientos ("Plaintiffs") as follows:


1.     Plaintiffs are adult residents of the State of Maryland and by acting as named plaintiffs in this action do hereby affirm their consent to participate as plaintiffs in a Collective Action under the FLSA.

**ANSWER TO PARAGRAPH 1:**

On information and belief Defendants admit that Plaintiffs are adults. The remaining allegations in Paragraph 1 calls for a legal conclusion to which no response is required. To the extent a response is required the remaining allegations in this paragraph are denied.

2.      PPG is a corporation formed und er the laws of the State of Maryland with its principal office in Montgomery County, Maryland.

**ANSWER TO PARAGRAPH 2:**

Admit.

3.      At all times during Plaintiffs' employment, Beverley Foster-Okoro has held a substantial ownership and/or financial interest in PPG.   At all times relevant , Beverley Foster- Okoro was one of Plaintiffs' top managers and supervisors.   At all times relevant, Beverley Foster-Okoro was one of the individuals in charge of the day-to-day operations of PPG.  At all times relevant, Beverley Foster-Okoro participated substantially in setting and determining Plaintiff s' schedule and setting and determining Plaintiffs ' rate and method of pay.

**ANSWER TO PARAGRAPH 3:**

Defendants admit that at all times during Plaintiffs' employment, Beverley Foster-Okoro has held  a  substantial  ownership  and/or  financial  interest  in  PPG.  The  remainder  of  the allegations in paragraph 3 are Denied.

4.      At all times during Plaintiffs' employment , Lambert Okoro has held a substantial ownership and/or financial interest in PPG. At all times relevant, Lambert Okoro was one of Plaintiff s' top managers and supervisors. At all times relevant , Lambert Okoro

was one of the individuals in charge of the day-to-day operations of PPG . At all times relevant, Lambert Okoro participated substantially in setting and determining Plaintiffs ' schedule and setting and determining Plaintiffs' rate and method of pay.

**ANSWER TO PARAGRAPH 4:**

Admit.

5.      At all times relevant to this action, Defendants were each, and collectively, enterprises engaged in interstate commerce within the meaning of the FLSA.

**ANSWER TO PARAGRAPH 5:**

Paragraph 5 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

6.      Defendant s were each, and collectively, Plaintiffs' "joint employer," "employer," or "integrated enterprise employer" within the meaning of the FLSA, MW HL, and MWPCL.

**ANSWER TO PARAGRAPH 6:**

Paragraph 6 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

7.      Defendants each, and collectively , acted substantially to recruit and hire Plaintiffs, and others similarly situated , to fulfill PPG 's work obligations in Maryland , Washington , D.C., Virginia, and Delaware .

**ANSWER TO PARAGRAPH 7:**

Denied.

8.      During the period of Plaintiffs ' employment, Defendants provided Plaintiffs, and others similarly situated , with all necessary tools and equipment required to perform work duties for Defendants.

**ANSWER TO PARAGRAPH 8:**

Denied.

9.      Throughout the course of Plaintiffs' employment, each Defendant, acting as an employer or joint employer, controlled and supervised the work performed by Plaintiffs and all others similarly situated.

**ANSWER TO PARAGRAPH 9:**

Paragraph 9 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

10.      Throughout the course of Plaintiffs ' employment, each Defendant, either individually or through an agent, supervised Plaintiffs' work on a daily or near-daily basis.

**ANSWER TO PARAGRAPH 10:**

Denied.

11.      On multiple occasions throughout the course of Plaintiffs ' employment, each Defendant spoke directly with Plaintiffs or through other bilingual employees.

**ANSWER TO PARAGRAPH 11:**

Denied.

12.     At all times throughout the course of Plaintiffs ' employment, each of the Defendants had the authority to control the work of Plaintiffs and others similarly situated , and each of the Defendants had the power and authority to change the course of Plaintiffs' work duties.

**ANSWER TO PARAGRAPH 12:**

Denied.

13.     At all times throughout the course of Plaintiffs' employment, Plaintiffs recognized each Defendant 's authority and obeyed each Defendant 's instructions .

**ANSWER TO PARAGRAPH 13:**

Denied.

14.     This Court has jurisdiction over Defendant s pursuant to § 16(b) of the FLSA, 29 U .S.C. §2 16(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."   Subject matter jurisdiction is invoked under 28 U.S .C. § 1331. This Court has supplemental jurisdiction over Plaintiffs ' state law claims under 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S .C. § 1391.

**ANSWER TO PARAGRAPH 14:**

Paragraph 14 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

15.    Plaintiffs are current employees of Defendants whose j ob duties primarily consist of remodeling and related construction work duties on residential properties owned by Defendants in Maryland, the District of Columbia , Virginia, and Delaware.

**ANSWER TO PARAGRAPH 15:**

Denied.

16.    The approximate dates of employment for the named Plaintiffs are as follows:

Jose Maximiliano Acevedo:   June 2010 -Present;

Oscar Cifuentes Barrientos:  April 2009 - Present;

Josue Cifuentes Barrientos:  October 2009 -  Present.

**ANSWER TO PARAGRAPH 16:**

Denied.

17.    During the period of Plaintiffs' employment, Defendants paid Plaintiffs and other similarly situated individuals as hourly employees.

**ANSWER TO PARAGRAPH 17:**

Denied.

18.     For many hours Plaintiffs worked each week; including overtime hours worked in excess of forty (40), Defendants paid Plaintiffs at their regular hourly rate ranging from $9.00  per hour to $13.00 per hour.

**ANSWER TO PARAGRAPH 18:**

Admit.

19.     For about five (5) to ten (I0) hours each week; Defendants paid Plaintiff s no wages.

**ANSWER TO PARAGRAPH 19:**

Denied.

20.     While in Defendants' employ, Plaintiffs and other similarly situated individuals regularly and customarily worked about fifty -five (55) or many more hours per week .

**ANSWER TO PARAGRAPH 20:**

Denied.

21.     At all times during Plaintiffs' employment , Defendants had knowledge that Plaintiffs and other similarly situated individuals regularly and customarily worked about fifty- five (55) or many more hours per week and suffered or permitted Plaintiffs and other similarly situated individuals to work about fifty-five (55) or many more hours per week.

**ANSWER TO PARAGRAPH 21:**

Denied.

22.     At no time during Plaintiffs' employment did Defendants pay Plaintiffs and other similarly situated individuals as required by Maryland and Federal law.

**ANSWER TO PARAGRAPH 22:**

Paragraph 22 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

23.     For an extensive period of Plaintiffs' employment, Defendants willfully and systematically engaged in "wage theft" or "payroll fraud" whereby Defendants erased about five (5) to ten (10) of the hours of the compensable time that Plaintiffs and other employees worked each week.

**ANSWER TO PARAGRAPH 23:**

Paragraph 23 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

24.     Defendants knowingly and willfully engaged in "wage theft" in that Plaintiffs' pay check s reflect compensation for about five (5) to 10 ( 10) less hours of weekly compared to what is denoted and recorded on Plaintiffs' time records.

**ANSWER TO PARAGRAPH 24:**

Paragraph 24 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

25.     Further, Defendants commonly required Plaintiffs to perform pre-liminary and post-liminary work duties for which Defendants instructed Plaintiffs and others not to record on Plaintiffs and others' time records and for which Defendants paid Plaintiffs and other similarly situated   individuals no wages.

**ANSWER TO PARAGRAPH 25:**

Denied.

26.     The consequence of Defendants' common "wage theft" or "payroll fraud" scheme was that Defendants failed and refused to compensate Plaintiffs and other similarly situated employees for about five (5) to ten (10) or more hours per week .

**ANSWER TO PARAGRAPH 26:**

Paragraph 26 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

27.     Very commonly, the hours Defendants deducted from the compensation of Plaintiffs and other similarly situated individuals were hours in excess of forty (40) per week that, if compensated, should have been paid to Plaintiffs and other similarly situated individuals at the FLSA required overtime rate.

**ANSWER TO PARAGRAPH 27:**

Paragraph 27 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

28.     At no time did Plaintiffs perform work that meets the definition of exempt work under the MWHL or FLSA.

**ANSWER TO PARAGRAPH 28:**

Paragraph 28 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

29.     Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals who performed house remodeling and related construction work duties.

**ANSWER TO PARAGRAPH 29:**

Paragraph 29 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

30.     In the present case, the questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

**ANSWER TO PARAGRAPH 30:**

Paragraph 30 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

31.     The essence of this entire case is that Defendant s engaged in common and systematic violations of the FLSA overtime requirement.

**ANSWER TO PARAGRAPH 31:**

Paragraph 31 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

32.     Defendants failed to pay overtime to Plaintiffs and other similarly situated individuals at the required legal rate of one-and-one-half times their regular rate of pay for all overtime hours worked each week in excess of forty (40).

**ANSWER TO PARAGRAPH 32:**

Paragraph 32 calls for a legal conclusion to which no response is required. To the extent a response is required the allegations in this paragraph are denied.

33.     Common to the claims of Plaintiffs and all class members is that each individual received compensation from Defendants at a rate less than the required FLSA overtime rate.

**ANSWER TO PARAGRAPH 33:**

Paragraph 33 calls for a legal conclusion to which no response is required. To the extent a response is required the allegations in this paragraph are denied.

34.     Specifically, Plaintiffs and each class member are seeking the difference between the wages Defendants paid them each week and the hours and wages Defendants should have paid Plaintiffs and each class member had Defendants compensated Plaintiffs and each class member as required by the FLSA for all work duties performed primarily for Defendants' benefit.

**ANSWER TO PARAGRAPH 34:**

Paragraph 34 calls for a legal conclusion to which no response is required. To the extent a response is required the allegations in this paragraph are denied.

35.     In the present case, the number of class members is believed to exceed at least twenty-five (25) current and former employees.

**ANSWER TO PARAGRAPH 35:**

Paragraph 35 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

36.    All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

**ANSWER TO PARAGRAPH 36:**

Paragraph 36 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

37.    The members of the class have not yet joined or otherwise "opted in" to this action because they are not yet aware of their rights to overtime wages under the FLSA or are otherwise afraid of potential retaliation or loss of employment if they assert their FLSA overtime rights.

**ANSWER TO PARAGRAPH 37:**

Paragraph 37 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

COUNT I

38.    Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs  1-37 above, as if each were set forth herein.

**ANSWER TO PARAGRAPH 38:**

Defendants incorporate their previous responses.

39.     Section 207(a)( 1 ) of the FLSA provides that "no employer shall employ any of his employees ...for a workweek  longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (11/2) times the regular rate at which he is employed."

**ANSWER TO PARAGRAPH 39:**

Paragraph 39 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

40.     Plaintiffs, and  all others similarly situated, were "employees" covered by the FLSA, 29 U .S.C. § 207(a)(l ), and all three Defendants were their "employers" under FLSA, 29 U .S.C. § 207(a)(2).

**ANSWER TO PARAGRAPH 40:**

Paragraph 40 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

41.     Defendants, as Plaintiffs ', and all others similarly situated, employers, were obligated  to compensate the Plaintiffs, and all other similarly situated individuals, at the overtime rate of one-and-one-half (1½) times their regular rate for all hours worked per week in excess of forty  (40).

**ANSWER TO PARAGRAPH 41:**

Paragraph 41 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

42.     As set forth above, while in Defendants' employ, Plaintiffs, and all others similarly situated, worked many overtime hours.

**ANSWER TO PARAGRAPH 42:**

Denied.


43.     As set forth above, while in Defendants' employ, Defendant s failed and refused to compensate Plaintiffs, and all others similarly situated, at the FLSA required overtime rate equal to one-and -one-half (1½) times their regularly hourly rate for overtime hours worked each week.

**ANSWER TO PARAGRAPH 43:**

Paragraph 43 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.


44.     Defendants' failure and refusal to pay Plaintiffs, and others similarly situated, as required by the FLSA was willful and intentional, and was not in good faith.

**ANSWER TO PARAGRAPH 44:**

Paragraph 44 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.


COUNT II

45.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-44 above, as if each were set forth herein.

**ANSWER TO PARAGRAPH 45:**

Defendants incorporate their previous responses.

46.     Plaintiffs were "employees" and all three Defendants were Plaintiffs' "employers" within the meaning of MWHL.

**ANSWER TO PARAGRAPH 46:**

Paragraph 46 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

47.     As Plaintiffs' "employers," all three Defendant s were obligated to pay Plaintiffs at the rate of one-and-one-ha lf (11/2) times Plaintiffs' regular rate of pay for hours worked each week in excess of forty (40) as required by the MWHL.

**ANSWER TO PARAGRAPH 47:**

Paragraph 47 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

48.     While in Defendants' employ, Plaintiffs worked many overtime hours but were not properly compensated by Defendants for those overtime hours worked.

**ANSWER TO PARAGRAPH 48:**

Denied.

49.     Overtime pay is due and owing to Plaintiffs under the MWHL.

**ANSWER TO PARAGRAPH 49:**

Paragraph 49 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

50.     Defendants ' failure to pay Plaintiffs for overtime hours worked as required by the MWHL was willful and intentional, and was not in good faith.

**ANSWER TO PARAGRAPH 50:**

Paragraph 50 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

COUNT III

51.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs l-50 above, as if each were set forth herein.

**ANSWER TO PARAGRAPH 51:**

Defendants incorporate their previous responses.

52.     Plaintiffs were "employees," and all three Defendants were Plaintiffs' "employers" within the meaning of the MWPCL.

**ANSWER TO PARAGRAPH 52:**

Paragraph 52 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

53.     Under MWPCL, all three of the Defendants , as Plaintiffs ' employers, were

obligated to pay Plaintiffs all wages due for work that Plaintiff s performed.

**ANSWER TO PARAGRAPH 53:**

Paragraph 53 calls for a legal conclusion to which no response is required.  To the extent a response is required the allegations in this paragraph are denied.

54.     Without legal excuse or justification, Defendants withheld and refused to pay wages as described above.

**ANSWER TO PARAGRAPH 54:**

Denied.

55.     Some portion of the hours Plaintiffs worked for which they were not paid wages were non -overtime hours that, if counted and compensated, would not constitute compensation for hours worked in excess of forty (40) per week.

**ANSWER TO PARAGRAPH 55:**

Denied.

56.     Some portion  of the hours Plaintiffs  worked for which they were not  paid wages were for overtime  hours that, if counted and  compensated, would  have constituted compensation for overtime hours worked i n excess of forty (40) per week.

**ANSWER TO PARAGRAPH 56:**

Denied.

57.     Defendants withheld and refused to pay all wages due and owing to Plaintiffs

without Plaintiffs' permission and without any other justification recognized or otherwise allowed by the MWPCL.

**ANSWER TO PARAGRAPH 57:**

Denied.

58.     Defendants' unlawful and unauthorized withholding of Plaintiffs' wages constitutes a failure by Defendants to pay Plaintiffs all wages due on time and as required for work performed as mandated by the MWPCL.

**ANSWER TO PARAGRAPH 58:**

Denied.

59.     Defendants' failure to pay Plaintiffs all wages due for work performed was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and the Defendants, and was not in good faith.

**ANSWER TO PARAGRAPH 59:**

Denied.

**ANSWER TO PRAYER FOR RELIEF**

Defendants deny Plaintiffs are entitled to the relief sought in their Complaint or any relief or damages from Defendants by virtue of the allegations in their Complaint.  Defendants respectfully requests Plaintiffs' claims against them be dismissed with prejudice and that Plaintiff take nothing by reason of said Complaint.

18

## GENERAL DENIAL

Defendants deny all the allegations not expressly admitted.

## AFFIRMATIVE DEFENSES

1.      The Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

2.      Plaintiffs' claims are barred to the extent discovery establishes, in whole or in part, that they are barred by the applicable statute of limitations, statute of frauds, estoppel, res judicata, failure of consideration, election of remedies, failure to disclose material facts, set-off, release, laches, unclean hands, accord and satisfaction, statutory prerequisites, substantial compliance, satisfaction and release, novation, set-off, recoupment, by failure of consideration, payment, unclean hands, frustration of purpose, any counterclaims, failure of conditions precedent, mutual mistake, materiality, parol evidence, express or implied consent and/or waiver.

3.      Plaintiffs' claims for damages are barred or reduced, in whole or in part, by their failure to mitigate the alleged damages, by their failure to suffer actual damages and/or by their inability to prove actual damages.  In the event that discovery demonstrates that Plaintiff failed to mitigate their alleged damages, the recovery of Plaintiff, if any, should be reduced accordingly.

4.      Plaintiffs' claims are barred to the extent discovery may show Plaintiff engaged in misconduct during their employment ("after-acquired evidence" doctrine).

5.      Plaintiffs' claims are barred in whole or in part because Defendants relied upon their reasonable and good faith belief that they were in compliance with applicable statutes, rules, regulations, procedures and public policies.

6.      Plaintiffs' claims are barred in whole or in part by express or implied consent.

7.      The Plaintiffs' claims for attorney's fees, service charges, and interest, are not recoverable.

8.      The Plaintiffs' claims are barred to the extent discovery establishes their failure to comply with any and all conditions precedent to recovery.

9.      The Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

10.     Plaintiff's claims for liquidated damages are barred to the extent Defendants' good faith belief that any act or omission was not a violation of the Fair Labor Standards Act."

11.     The Defendants reserve any and all defenses, both real and personal.

12.    The Defendants reserve the right to assert additional claims, defenses, setoffs, affirmative defenses that may be available or may later become available, whether in law, equity, or otherwise, and Defendant expressly reserves the right to amend this Answer and Affirmative Defenses to assert same.

Respectfully submitted,

ON BEHALF OF DEFENDANTS

_____/s/_____

Andrew S. Cabana (Maryland Fed. Bar No. 16686)
**LAW OFFICE OF ANDREW CABANA, PC**
2121 Eisenhower Avenue, Suite 200
Alexandria, Virginia 22314
703.518.7930 | Telephone
703.684-3620 | Facsimile
Email: Andrew@acabanalaw.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on February 7, 2014, a true and accurate copy of the foregoing *ANSWER* was filed with the Court by CM/ECF which will send a notice of filing to the judge and Plaintiffs' counsel.

_____/s/_____
Andrew S. Cabana (Maryland Fed. Bar No. 16686)
**LAW OFFICE OF ANDREW CABANA, PC**
2121 Eisenhower Avenue, Suite 200
Alexandria, Virginia 22314
703.518.7930 | Telephone
703.684-3620 | Facsimile
Email: Andrew@acabanalaw.com