FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

2015 OCT -8  P 4: 47

| | | |
|---|---|---|
| **JOSE MAXIMLIANO ACEVEDO, et al.** | * | |
| | * | CLERK'S OFFICE |
| Plaintiffs | * | AT GREENBELT |
| | * | |
| v. | * | BY_____DEPUTY |
| | * | Civil No.: **PJM 13-3726** |
| **PHOENIX PRESERVATION** | * | |
| **GROUP, INC., et al.** | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Jose Maximiliano Acevedo, Oscar Cifuentes Barrientos, Josue Cifuentes Barrientos,

Manuel Carranza, Elvin Omar Flores Segovia, and Edgar Flores ("Plaintiffs") have sued Phoenix

Preservation Group, Inc., Beverley Foster-Okoro, and Lambert Okoro (collectively, "Phoenix"),

alleging violations of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. &

Empl. §§ 3-401 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md.

Code Ann., Lab. & Empl. §§ 3-501 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 206, 207. Phoenix has made an offer of judgment, which Plaintiffs have accepted, and

the parties ask for the Court to approve and enter the judgment. For the reasons that follow, the

Court **APPROVES** the Offer of Judgment, ECF No. 34-1, and **ENTERS JUDGMENT** in favor

of Plaintiffs and against Phoenix Preservation Group, Inc. in the amount of $90,000. The Court

also construes the portions of Plaintiffs' Motion for Approval of Acceptance of Offer of

Judgment concerning attorneys' fees as a Motion for Attorneys' Fees pursuant to Local Rule

109.2, and **GRANTS** Phoenix fourteen (14) days from the date of this Memorandum Opinion

and Order to file a response in opposition to such motion, if Phoenix so chooses.

1

**I.**

Factual and Procedural Background

Phoenix Preservation Group, Inc. provides remodeling and construction services in Maryland. Beverley Foster-Okoro and Lambert Okoro held a substantial financial interest in Phoenix Preservation and each held a position as one of Plaintiffs' top managers and supervisors in charge of day to day operations, including setting Plaintiffs' schedule and rate of pay. Each individual plaintiff began working for Phoenix at different times in 2009 and 2010; all but two were still employed by Phoenix as of the filing of the Second Amended Complaint. The Plaintiffs' job duties primarily consisted of remodeling and related construction work duties on residential properties owned by Phoenix in Maryland, the District of Columbia, Virginia, and Delaware. Plaintiffs were paid on an hourly basis.

Plaintiffs allege that Phoenix knowingly failed to pay each plaintiff overtime compensation for hours that they worked in excess of 40 in the work week. Plaintiffs further allege Phoenix knowingly paid Plaintiffs no wages for about five to ten hours of work per week, through a method of payroll fraud whereby Phoenix erased five to ten hours of compensable time from Plaintiffs' time records. Plaintiffs also allege that Phoenix commonly required Plaintiffs to perform preliminary and postliminary work duties for which Phoenix instructed Plaintiffs and others not to record on Plaintiffs and others' time records.

Plaintiffs filed their Complaint on December 26, 2013. ECF No. 1. The parties moved for an extension of the deadline for Phoenix to respond to the Complaint, which the Court granted. ECF Nos. 4, 5. On February 7, 2014, Phoenix answered the Complaint, ECF No. 6, and the parties thereafter requested referral to a Magistrate Judge for a settlement conference, which the Court granted. ECF Nos. 9, 10. Plaintiffs moved for leave to file a First and Second

2

Amended Complaint, adding new individual plaintiffs, which the Court granted. ECF Nos. 11, 12, 14. However, before the settlement conference took place, counsel for Phoenix moved to withdraw due to nonpayment of fees and lack of cooperation. ECF No. 16. The Court granted the Motion to Withdraw and, per Local Rule 101(a), instructed Phoenix to arrange for substitute counsel for the corporate defendant, Phoenix Preservation Group, Inc. ECF Nos. 17, 18. Magistrate Judge Day cancelled the settlement conference because the corporate defendant was unrepresented. ECF No. 19. New counsel subsequently entered an appearance for Phoenix. ECF No. 20. On November 11, 2014, counsel for Phoenix filed a Suggestion of Bankruptcy as to Beverly Foster-Okoro and Lambert Okoro. ECF No. 24. The Court stayed all proceedings as to these two defendants, but the parties jointly represented that the action would continue as to Phoenix Preservation Group, Inc., which had not declared bankruptcy. ECF No. 29.

On March 9, 2015, the parties advised the Court that Phoenix Preservation Group, Inc. had accepted an Offer of Judgment against it in the amount of $90,000. ECF No. 32. The Court issued a Memorandum Order on March 16, 2015, ECF No. 33, indicating that the Court agreed with recent decisions by Judges Hazel and Grimm of this Court that neither Federal Rule of Civil Procedure 68(a) nor 41(a)(1)(A)(ii) can be used so as to avoid the FLSA requirement that courts review settlements of claims brought under FLSA for reasonableness. *See Banegas v. Gen. Lawn Serv. Corp.*, No. GJH-13-3728, at *3 (D. Md. July 17, 2014); *Selvin Elvir Reyes, et al. v. Thomas Clime, et al.*, No. PWG-14-1908 (D. Md. Dec. 17, 2014). The Court attached its standard Memorandum to Counsel, directing the parties to file a joint motion seeking approval of the proposed agreement.

Plaintiffs filed a Motion for Approval of Acceptance of Offer of Judgment on April 16, 2015. Although Plaintiffs submitted a spreadsheet, ECF No. 34-2, purporting to explain the

3

mathematical basis as to why the $90,000 Offer of Judgment represented a fair and reasonable resolution of Plaintiffs claims, Plaintiffs did not submit evidence necessary for the Court to evaluate the reasonableness of the $14,200 in claimed attorneys' fees and costs using the lodestar approach. The Motion and its exhibits were also unclear as to the actual total settlement amount to be paid to each Plaintiff, and the actual (as opposed to approximate) attorneys' fees to be paid to Plaintiffs' counsel. As a result, the Court ordered the parties to supplement the Motion accordingly. ECF No. 35. Plaintiffs filed a Supplement to the Motion on June 23, 2015. ECF No. 36.

Despite the Court's instruction that parties "should file a joint motion seeking approval of the proposed agreement," ECF No. 33 (emphasis added), both the Motion for Approval of Acceptance of Offer of Judgment and the Supplement thereto were filed by Plaintiffs alone. However, per Local Rule 105.2, the time for Phoenix to have filed memoranda in opposition to either filing has expired.

## II.

Before launching into its review of the fairness of the settlement, the Court must first clarify precisely which claims are before it.

The Offer of Judgment states, in pertinent part, as follows:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Phoenix Preservation Group, Inc. hereby offers to allow Judgment to be entered against it in this action in the amount of $90,000 including all of the Plaintiffs' claims for relief against each Defendant. This offer of judgment is made for the purposes specified in Fed. R. Civ. P. 68, and is not to be construed as either an admission that any of the defendants are liable in this action, or that the Plaintiffs have suffered any damage.

ECF No. 32-1.

The Offer of Judgment, which is signed by counsel for Phoenix, is undated, but counsel for Plaintiffs represents that on March 9, 2015, Phoenix presented the Offer of Judgment to Plaintiffs, and Plaintiffs accepted it. ECF No. 32.

About a month later, and in response to the Court's Order, Plaintiffs filed the Motion to Approve, ECF No. 34, including the aforementioned spreadsheet. That spreadsheet purported to explain how the parties arrived at the $90,000 Offer of Judgment. ECF No. 34-2. This spreadsheet stated that "Plaintiffs' Approximate Attorney's Fees and Costs" amounted to some $14,200. When added to the cells indicating the total "unpaid wages" ($42,120) and "liquidated damages" ($33,696), the "Total Settlement Amount" came out to $90,016. *See id.* However, the actual Motion for Approval said nothing about attorneys' fees.

About two months after this initial submission, and again in response to the Court's Order, Plaintiffs filed a Supplement to the Motion for Approval. This Supplement represented that "[t]he total Offer of Judgment to all Plaintiffs and to fully compensate attorney's fees and costs was $90,000.00." ECF No. 36, at 6. Per the Supplement, the "final breakdown" of the $90,000 Offer of Judgment amounted to $12,500 for each Plaintiff, and $15,000 to Plaintiffs' counsel. *Id.* at 7. The Supplement goes on to explain why Plaintiffs' counsel's "fee award" of $15,000 is reasonable under the lodestar method. *Id.* at 8-12.

However, despite the representations by Plaintiffs (and the apparent agreement of Phoenix) that the "final breakdown" of the $90,000 Offer of Judgment includes a $15,000 "fee award" to counsel for Plaintiffs, the Court is confronted with the fact that the actual Offer of Judgment says no such thing.

The Offer of Judgment provides that Defendant "Phoenix Preservation Group, Inc. hereby offers to allow Judgment to be entered against it in this action in the amount of $90,000

including all of the Plaintiffs' claims for relief against each Defendant." ECF No. 32-1. The

Offer of Judgment does not say "in the amount of $90,000 including all of the Plaintiffs' claims

for relief against each Defendant, plus costs" or "in the amount of $90,000 including all of the

Plaintiffs' claims for relief against each Defendant, including attorneys' fees," or "in the amount

of $75,000 for all of the Plaintiffs' claims for relief against each Defendant, plus $15,000 in

attorneys' fees."

While such distinctions may seem relatively minor, the Fourth Circuit has spoken clearly

on this issue.

In *Bosley v. Mineral Cnty. Comm'n*, the district court considered a Rule 68 offer of

judgment in a case brought under 42 U.S.C. § 1983. The offer of judgment read, in pertinent

part: "'Pursuant to [Fed. R. Civ. P. 68(a)], the . . . Defendants hereby serve upon [Bosley] an

Offer of Judgment in the amount of Thirty Thousand Dollars ($30,000.00) as full and complete

satisfaction of [Bosley's] claim against . . . Defendants.'" *See* 650 F.3d 408, 410 (4th Cir. 2011).

Bosley accepted the offer of judgment. Bosley then moved for the district court to enter

judgment against the defendants in the sum of $30,000, plus attorneys' fees under 42 U.S.C. §

1988. Defendants opposed on the ground that their offer of judgment had been inclusive of

attorneys' fees. The district court held that Bosley was entitled to attorneys' fees in addition to

the $30,000 judgment. The Fourth Circuit affirmed.

In so doing, the Fourth Circuit considered a broadly worded offer of judgment ("as full

and complete satisfaction of [Bosley's] claim against . . . Defendants") and concluded that such

offer of judgment did not mention costs or attorney's fees. *See id.* at 412. The Fourth Circuit

rejected the defendant's argument that because Bosley sought attorneys' fees in her amended

complaint, such fees therefore constituted a "claim" silently incorporated into and satisfied by

the offer of judgment. *See id.* at 413. The Fourth Circuit also rejected defendant's argument that

Bosley was fully aware before accepting the offer of judgment that the $30,000 sum included

attorneys' fees, as demonstrated by extrinsic evidence of the parties' negotiations pre- and post-

acceptance: "[b]ecause the Rule 68 offeree does not have the luxury of refusing the offer to

assure that she has not bound herself to any terms that may later become unfavorable, she may

construe the offer's terms strictly, and ambiguities in the offer are to be resolved against the

offeror." *Id.* at 414 (citations omitted). "Evidence extrinsic to the offer's terms should not be

considered." *Id.*[1]

Here, the Offer of Judgment is similarly broadly worded ("in the amount of $90,000

including all of the Plaintiffs' claims for relief against each Defendant"), but as in *Bosley*, the

Offer of Judgment contains no language relating to costs or attorneys' fees. Here, Plaintiffs did

indeed seek attorneys' fees in their Second Amended Complaint, but as in *Bosley*, the Plaintiffs'

FLSA claims are not premised on a statute expressly providing for the recovery of attorney's fees

as the principal relief. *See id.* at 412-13. Accordingly, the inclusion of a request for attorneys'

fees in the Second Amended Complaint did not thereby silently incorporate attorneys' fees into

the Offer of Judgment. Finally, per *Bosley*, the Court must pay no mind to the fact that Plaintiffs'

post-hoc filings appear to assume that the $15,000 in claimed attorneys' fees would come out of

the $90,000 Offer of Judgment.

Accordingly, the Court finds that the Offer of Judgment means what it says: Defendant

Phoenix Preservation Group, Inc. offers to allow Judgment to be entered against it in this action

in the amount of $90,000 including all of the Plaintiffs' claims for relief against each Defendant.

The $90,000 judgment is a judgment in favor of the Plaintiffs, and does not include any costs or

---

[1] The Fourth Circuit's approach is in accord with the approach of sister circuits. *See Lima v. Newark Police Dep't*, 658 F.3d 324, 331 (3d Cir. 2011) (citing cases from the Sixth, Seventh, Ninth, and Eleventh Circuits).

attorneys' fees recoverable under 29 U.S.C. § 216. While such a result may seem harsh, the Fourth Circuit has warned that "[i]f there is any occasion in civil litigation [that] calls for caution and care by counsel, it is the drafting of a Rule 68 offer." *See id.* at 413 (quoting *Laskowski v. Buhay*, 192 F.R.D. 480, 482 (M.D. Pa. 2000)).

The Court observes that in so holding, it can be confident that the proposed fee award was "'agreed upon separately and without regard to the amount paid to the plaintiff'" *See Kianpour v. Rest. Zone, Inc.*, 2011 WL 5375082, at *3 (D. Md. Nov. 4, 2011) (citing *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)). Accordingly, the Court need not address whether the representation by counsel for Plaintiffs that his $15,000 attorneys' fees award should come out of the $90,000 judgment—a representation that is not supported by the plain text of the Offer of Judgment itself—meets the standard of a proposed fee award that was negotiated separately from and without regard to the judgment accepted by the Plaintiffs.[2]

The Court will therefore proceed to evaluate whether the $90,000 judgment is fair and reasonable under the circumstances. The Court will also construe the portions of Plaintiffs' Motion for Approval of Acceptance of Offer of Judgment concerning attorneys' fees as a Motion for Attorneys' Fees pursuant to Local Rule 109.2, and will grant Phoenix fourteen days from the date of this Memorandum Opinion and Order to file a response in opposition to such motion, if Phoenix so chooses.[3]

---

[2] The FLSA expressly provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," the court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added).

[3] The Court at this point notes that many of Plaintiffs' counsel's billing entries contain nonsensical dates (*e.g.*, a client conference dated December 6, 2015). The Court assumes that ECF No. 36-1 proceeds chronologically, with the first three entries, with dates in 2015, actually taking place in 2013, and the last two entries, with dates in 2015, actually taking place in 2015.

## III.

### Standard of Review

Congress enacted the FLSA to protect workers from the poor wages and long hours that may result from significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Saman*, 2013 WL 2949047, at *3 (citing *Hoffman v. First Student, Inc.*, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* The Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)).

## IV.

### Bona Fide Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo*, 2009 WL 3094955, at *16–17.

Plaintiffs argue, and Phoenix has not disputed,[4] that, after exchange of discovery, there exists *bona fide* disputes between the parties. First, Phoenix has maintained that the Plaintiffs are not entitled to compensation for alleged preliminary work duties. Phoenix has argued that the Plaintiffs never performed any pre-work duties performed at a job site or meeting place prior to travel to a job site, or if they did, that pursuant to the Portal-to-Portal Act, 29 U.S.C. § 254, any such duties were *de minimus* and not compensable under the FLSA. Second, Phoenix has maintained that it never erased compensable time from Plaintiffs' time records, or instructed Plaintiffs not to record compensable time on their time records.

Accordingly, the Court finds that a *bona fide* dispute exists as to Phoenix's liability under the FLSA, whose resolution would depend on both further factual development and rulings of law.

## V.

### Fairness and Reasonableness

If a *bona fide* dispute is found to exist, courts must then evaluate the fairness and reasonableness of the settlement based on the following factors:

(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who

---

[4] As previously noted, counsel for Phoenix did not join the Motion for Approval of Acceptance of Offer of Judgment and the Supplement thereto, but has not filed any memorandum in opposition to Plaintiffs' representations.

have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

Having reviewed the Plaintiffs' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Court concludes that the Settlement Agreement is a fair and reasonable compromise of the parties' *bona fide* dispute.

Counsel for Plaintiffs represent that the parties engaged in discovery, which included apparently "very limited records related to Plaintiffs' employment." Although the parties never attended a settlement conference before a Magistrate Judge, they did eventually reach agreement through a teleconference on the amount of compensation that each Plaintiff would receive. The Court is therefore satisfied that the parties have had sufficient opportunity to evaluate their claims and defenses as to these disputed legal and factual issues and to engage in informed arms-length settlement negotiations.

Similarly, the Court finds no fraud or collusion in the proposed settlement, given the experience of Plaintiffs' counsel, and the quality of the filings submitted to date.

Finally, as to the probability of Plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery, the Court is satisfied that the settlement of each Plaintiff's claim is fair and reasonable under the circumstances.

According to the Plaintiffs' Motion for Approval of Acceptance of Offer of Judgment and the Supplement thereto, the proposed settlement is as follows: each of the six Plaintiffs will obtain an equal recovery in the judgment in the amount of $12,500. However, given the Court's ruling on the scope of the Offer of Judgment, the total recovery from the $90,000 judgment for Plaintiffs, split evenly among the six Plaintiffs, would amount to $15,000 for each Plaintiff.

11

The settlement amount reflects counsel for Plaintiffs' estimate that his clients, on average, each performed ten uncompensated hours of overtime per week. The settlement indicates that seven out of the ten hours were hours in which the Plaintiffs were paid at straight time, but not overtime. Three of the ten hours were "off the clock" hours during which time the Plaintiffs were paid neither straight time nor overtime. The settlement amount reflects a two year period during which time Plaintiffs were undercompensated for their work; in so doing, Plaintiffs are effectively conceding that some of their alleged violations are time-barred by the FLSA's two year statute of limitations, and that equitable tolling—which Plaintiffs alleged in their Second Amended Complaint—does not apply. Under the above stated assumptions, each Plaintiff would only be owed $9,984; accordingly, each Plaintiff is obtaining a judgment amount of $6,000 in excess of the amount they are owed for two years of ten uncompensated hours of work per week.

The amounts to be paid to Plaintiffs in the settlement agreement are somewhat less than the value of the claims that Plaintiffs would be owed if, at trial, Phoenix were to be found to have willfully violated the FLSA. But because it is disputed whether the Plaintiffs would be able to recover at all, let alone whether they would be able to recover liquidated damages, the parties have essentially agreed to split the difference by settling their claim for what amounts to the full amount of unpaid overtime and off-the-clock time, plus an additional $6,000, Especially in light of the admitted lack of contemporaneous written documentation that would support Plaintiffs' overtime claims, the Court finds this settlement reasonable in relation to the potential recovery in the case.

For the foregoing reasons, the Court **APPROVES** the Offer of Judgment and **ENTERS JUDGMENT** in favor of Plaintiffs and against Phoenix Preservation Group, Inc. in the amount of $90,000.


A separate Order will **ISSUE**.

/s/

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**October 8, 2015**

13