## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOSE MAXIMLIANO ACEVEDO, et al.** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil No.: **PJM 13-3726** |
| | * | |
| **PHOENIX PRESERVATION** | * | |
| **GROUP, INC., et al.** | * | |
| | * | |
| Defendants | * | |
| | * | |

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 DEC -3  P 2: 20

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

### MEMORANDUM OPINION

Jose Maximiliano Acevedo, Oscar Cifuentes Barrientos, Josue Cifuentes Barrientos, Manuel Carranza, Elvin Omar Flores Segovia, and Edgar Flores ("Plaintiffs") have sued Phoenix Preservation Group, Inc., Beverley Foster-Okoro, and Lambert Okoro (collectively, "Phoenix"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, and related state claims. In an October 8, 2015 Opinion, the Court approved Phoenix's Offer of Judgment, and entered judgment in favor of Plaintiffs and against Phoenix in the amount of $90,000. ECF No. 40. After construing portions of Plaintiffs' Motion for Approval of Acceptance of Offer of Judgment concerning attorneys' fees as a Motion for Attorneys' Fees pursuant to Local Rule 109.2, the Court granted Phoenix fourteen days to file a response in opposition to the Motion. As Phoenix has failed to file any response, the Court now **GRANTS** Plaintiffs' Motion for Attorneys' Fees, ECF No. 34, in the amount of $15,000, which shall be in addition to the $90,000 judgment in favor of Plaintiffs.

**I.**

Factual and Procedural Background

The factual and procedural background of the case are detailed in the Court's October 8, 2015 Opinion. ECF No. 40. Briefly, Plaintiffs were employees of Phoenix Preservation Group, which provides remodeling and construction services in Maryland. Beverley Foster-Okoro and Lambert Okoro managed and held substantial financial interest in Phoenix. Plaintiffs' allegations include that Phoenix knowingly failed to pay each Plaintiff overtime compensation and erased five to ten hours of work per week from Plaintiffs' time records.

On March 9, 2015, the parties advised the Court that Phoenix had accepted an Offer of Judgment against it in the amount of $90,000. ECF No. 32. The Court, however, issued a Memorandum Order on March 16, 2015, ECF No. 33, which indicated that neither Federal Rule of Civil Procedure 68(a) nor 41(a)(1)(A)(ii) could be used to avoid the FLSA requirement that courts review settlements of claims brought under FLSA for reasonableness. *See Banegas v. Gen. Lawn Serv. Corp.*, No. GJH-13-3728, 2014 U.S. Dist. LEXIS 98009 (D. Md. July 17, 2014); *Reyes. v. Clime*, No. PWG-14-1908, 2015 WL 3644639, at *4 (D. Md. Dec. 17, 2014).

Thereafter, on April 16, 2015, Plaintiffs filed a Motion for Approval of Acceptance of Offer of Judgment, ECF No. 34, which, at the Court's request, Plaintiffs later supplemented with additional information regarding attorneys' fees and the amount to be paid to each Plaintiff. ECF No. 36. Although the Court instructed parties to file a joint motion for approval, Phoenix never filed anything in opposition to Plaintiffs' Motion.

The Court approved the Offer of Judgment in an October 8, 2015 Opinion, and entered judgment in favor of Plaintiffs and against Phoenix in the amount of $90,000. ECF No. 40. Because the Offer of Judgment was broadly worded and contained no language related to costs

or attorneys' fees, the Court ruled that the $90,000 judgment was strictly one in favor of Plaintiffs and did not include any costs or attorneys' fees. *See Bosley v. Mineral Cnty. Comm'n*, 650 F.3d 408 (4th Cir. 2011). The Court further ruled that any costs or attorneys' fees would be an amount in addition to the $90,000 judgment.

The Opinion then construed portions of Plaintiffs' Motion for Approval of Acceptance of Offer of Judgment concerning attorneys' fees as a Motion for Attorneys' Fees pursuant to Local Rule 109.2. However, the Court declined to immediately consider the reasonableness of Plaintiffs' requested attorneys' fees in order to provide Phoenix fourteen days from October 8, 2015 to file a response in opposition.

Phoenix has failed to file a response to date. Accordingly, the Court will now consider Plaintiffs' Motion for Attorneys' Fees in the amount of $15,000, in addition to the $90,000 judgment in favor of Plaintiffs.

## II.

### Attorneys' Fees

The FLSA provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," the court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The reasonableness of the fee award proposed in an FLSA settlement must be independently assessed, regardless of whether there is any suggestion that a "conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010)). In making that assessment, courts typically use the principles of the traditional lodestar method as a guide. *Id.* (citing cases).

The court determines an attorneys' fees award by calculating the lodestar amount, which is defined as "a reasonable hourly rate multiplied by hours reasonably expended." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 412 (D. Md. 2014) (quoting *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). In Appendix B to its Local Rules, this Court has established rates that are deemed reasonable for lodestar calculations. *Id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)). Plaintiffs are expected to provide all documentation necessary for the court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task performed. *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *7 (D. Md. June 13, 2013); Local Rule 109.2; Appendix B to the Local Rules.

Plaintiffs' counsel Gregg Greenberg is the only individual for whom time records were submitted in this case. Mr. Greenberg has been an active member of this Bar since April 4, 2008, over 7 years. His hourly rate is $295. Per Appendix B to the Local Rules, a presumptively reasonable rate for lawyers admitted to the bar for five to eight years is $165–$300. Accordingly, the Court finds Mr. Rigby's hourly rate to be reasonable.

Mr. Greenberg filed billing statements indicating 50.9 hours billed. ECF No. 36-1, at 2. At a reasonable hourly rate of $295, Mr. Greenberg incurred $15,015.50 in fees. *See id.* Counsel for Plaintiffs has reduced the claim for attorneys' fees to $15,000.

The Court finds 50.9 hours a reasonable period of time for Plaintiffs' counsel, over the course of a year and a half, to have investigated the Plaintiffs' claims, drafted a Complaint,

drafted two Amended Complaints, and engaged in discovery and settlement negotiations. This is especially true in light of the large number of plaintiffs involved in the case, Plaintiffs' limited English skills, the lack of written documentation of his clients' claims, and the number of weeks of alleged unpaid overtime requiring investigation and research. Accordingly, the Court finds the attorney fee award of $15,000 to be reasonable.

### III.

Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' Motion for Attorneys' Fees. ECF No. 34. Final judgment for attorneys' fees in the amount of $15,000 is **ENTERED** in favor of Plaintiffs and against Phoenix.

A separate Order will **ISSUE**.


/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**December 3, 2015**